IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| C.D. BROOKS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JO ANNE B. BARNHART, )<br>COMMISSIONER OF SOCIAL SECURITY,)<br>)<br>Defendant. )<br>_____) | CIVIL ACTION<br><br>No. 04-2526-CM |

## MEMORANDUM AND ORDER

On April 28, 2006, this court issued an order adopting Magistrate Judge Reid's Report and Recommendation to reverse and remand the Commissioner's denial of benefits. Plaintiff filed an Application for Attorney's Fees Pursuant to the Equal Access to Justice Act (Doc. 20), seeking $7,800 for services rendered in this action. Defendant asks the court to deny attorney's fees because the Commissioner's position was substantially justified. For the following reasons, the court grants plaintiff's motion.

The Equal Access to Justice Act ("EAJA") directs the court to award attorney's fees to the prevailing party "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Commissioner bears the burden of showing that her position was "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995) (stating that the government bears the burden of proof). "A position can be justified even though it is not correct . . . ." *Pierce*, 487 U.S. at 566 n.2; *see also*

*Hadden v. Bowen*, 851 F.2d 1266, 1267–69 (10th Cir. 1988) ("The government's success or failure on the merits at each level may be evidence of whether its position was substantially justified, but that success or failure alone is not determinative of the issue."). According to the Supreme Court, a position can be substantially justified if "it has a reasonable basis in law and fact." *Pierce*, 487 U.S. at 566 n.2. In determining whether the Commissioner's position was substantially justified, the court focuses on the issue(s) that led to remand—not the issue of disability. *See Jenkins v. Chater*, No. 95-5153, 1996 WL 145677, at *2 (10th Cir. Apr. 1, 1996).

Defendant does not contest whether plaintiff was the prevailing party; instead, defendant focuses on whether the Commissioner's position was substantially justified. In this case, the ALJ did not adequately explain his findings regarding the functional demands of plaintiff's past relevant work. The ALJ did, however, properly develop the record with respect to the requirements of plaintiff's past relevant work. And the ALJ relied on the vocational expert's testimony, which is permitted in some instances. *See, e.g., Doyal v. Barnhart*, 331 F.3d 758, 760–61 (10th Cir. 2003).

The court finds in this instance, however, that it was not reasonable for the Commissioner to defend the ALJ's conclusory adoption of the vocational expert's testimony. Although the Tenth Circuit has counseled that "the form of words should not obscure the substance of what the ALJ actually did," *id.* at 761, the law is also clear that the ALJ must make his findings on the record about the requirements of a claimant's past relevant work, *see Winfrey v. Chater*, 92 F.3d 1017, 1025 (10th Cir. 1996). The court is otherwise left with nothing meaningful to review. *See Brown v. Comm'r of the Soc. Sec. Adm'n*, 245 F. Supp. 2d 1175, 1187 (D. Kan. 2003). In defendant's objections to the magistrate's decision, defendant conceded that "the ALJ may have expressed his reasoning in a more precise manner . . . ." The court finds that, despite the evidence in the record

supporting the ALJ's decision, it was unreasonable in law for the Commissioner to argue that the ALJ's articulation was sufficient.

Defendant does not otherwise contest plaintiff's submission for attorney's fees. Plaintiff offers evidence suggesting that a rate above the statutory amount of $125 per hour is warranted. Specifically, plaintiff seeks $150 per hour for 52 hours of work, for a total of $7,800. The court finds that although the hourly rate is appropriate, plaintiff has not met his burden of showing that the number of hours was reasonable. *See Culler v. Massanari*, No. 96-4164-SAC, 2001 WL 1718033, at *2 (D. Kan. Dec. 20, 2001) (placing burden on the plaintiff). "The typical EAJA fee application in social security cases claims between thirty and forty hours." *Hutchison v. Chater*, No. 95-4084-SAC, 1996 WL 699695, at *3 (D. Kan. Oct. 31, 1996) (cited in *Culler*, 2001 WL 1718033, at *2). The issues in this case were typical of Social Security appeals. The medical record was not extensive, and plaintiff's attorney in his affidavit stated that because of his experience, he is able to handle cases in a more efficient manner than the average attorney. The court therefore finds that 52 hours was an unreasonable amount of time to spend on this case, and awards attorney's fees based on a more reasonable calculation of 40 hours. Plaintiff is entitled to 40 hours at $150 per hour, or $6,000.

**IT IS THEREFORE ORDERED** that plaintiff's Application for Attorney's Fees Pursuant to the Equal Access to Justice Act (Doc. 20) is granted. Plaintiff is entitled to attorney's fees in the amount of $6,000.

Dated this 25th day of September 2006, at Kansas City, Kansas.

                              **s/ Carlos Murguia**
                              **CARLOS MURGUIA**
                              **United States District Judge**